CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 23, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMY MICHAEL FEARING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00704 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NP HEATHER GREAR, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Jeremy Michael Fearing, a Virginia pretrial detainee proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant NP Heather Grear. (*See* Compl. [ECF No. 1].) This matter is before the court on Fearing's motion for default judgment (ECF No. 15) and Grear's motion to set aside default (ECF No. 17). For the following reasons, the court will grant Grear's motion and deny Fearing's motion.

## I. BACKGROUND

This matter stems from events that allegedly occurred while Fearing was detained at the Southwest Virginia Regional Jail Authority's Abingdon facility (the "jail"). (Compl. at 4.) Grear is a nurse practitioner at the jail. (*Id.* at 4.)

In his complaint, Fearing alleges that, on August 30, 2025, he was "asked to come down to speak" with "the [n]urse" at the jail to submit a urine sample. (*Id.*) According to Fearing, he "tried to use the restroom [for] [a]bout a minute and a half" before an unnamed officer took Fearing's "cup and gave it to the nurse" who in turn took the cup "back to medical." (*Id.*) Fearing alleges that, at the time, he "was begging to have [his] cup back" to submit a urine sample. (*Id.*) Then, about 30 minutes later, "they" allegedly "came back from medical" and

told Fearing that "they were taking [his] Suboxone[1] away for failure to produce a drug test." (*Id.*) According to Fearing, he "suffered severe withdrawal symptoms" after not receiving Suboxone and was only given Tylenol to treat those symptoms. (*Id.*) Fearing further alleges that, although he filed sick calls and grievances "asking to take [his] urine screen[,]" he was told "no" and was taken off Suboxone "with no taper." (*Id.* at 4–5.)

On September 25, 2025, Fearing executed his complaint. (*Id.* at 9.) After Fearing's complaint was docketed, the court ordered the Clerk to attempt service of process on Grear. (ECF No. 7.) On July 6, 2026, a summons for Grear was returned as executed. (ECF No. 11.) The affidavit of service indicated that the summons was served on Jeannie Patrick, who was designated by law to accept service of process on behalf of the Southwest Virginia Regional Jail Authority ("SWVRJA"). (*Id.*) As a result, Grear's responsive pleading was due no later than January 26, 2026. (*See id.*) Grear failed to file a responsive pleading by that deadline.

On February 27, 2026, the court observed that, although Grear had failed to file a responsive pleading, Fearing had not requested entry of default or moved for default judgment. (ECF No. 12.) The court accordingly ordered Fearing to respond within 30 days showing why his claim(s) against Grear should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.*) On March 13, 2026, Fearing's motion for default judgment was received by the Clerk's Office (*see* ECF No. 15) and the Clerk entered default as to Grear on March 16, 2026. (ECF No. 16.)

[1] Suboxone is used to treat opioid dependence. Drugs.com, Suboxone, available at https://www.drugs.com/suboxone.html (last visited Sept. 22, 2026).

On April 17, 2026, Grear filed her motion to set aside default. (ECF No. 17.) In briefing in support of her motion, Grear submits that service of process was never perfected and is therefore void. (ECF No. 18 at 1–3.) Specifically, Grear claims that, although the summons indicates that it was served on Patrick on behalf of the SWVRJA, Grear is not employed by the SWVRJA and neither Patrick nor any other SWVRJA employee had authority to accept service on Grear's behalf. (*Id.* at 1.) Grear also argues that good cause exists to set aside default insofar as Fearing's complaint would not survive a motion to dismiss. (*Id.* at 4–5.) In support, Grear asserts that Fearing's allegations fail to state claim upon which relief can be granted and/or fail to show personal action attributable to Grear. (*Id.*) Fearing did not file a response to the motion to set aside default, which is accordingly ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55, which governs default judgments, sets forth a two-step process. *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020). The first step involves the clerk entering default against a party "against whom a judgment for affirmative relief is sought" when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "The second step is the subsequent entry of a default *judgment*[.]" *Fidrych*, 952 F.3d at 130 (emphasis in original); *see also* Fed. R. Civ. P. 55(b).

The court may, however, "set aside an entry of default for good cause[.]" Fed. R. Civ. P.55(c). The Fourth Circuit has consistently held that Rule 55(c) "must be liberally construed and has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad., Inc v. Hoover*

*Universal, Inc.*, 616 F.3d 413, 417, 421 (4th Cir. 2010) (internal quotation marks omitted). "Consequently, '[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.'" *Saunders v. Whitman*, No. 7:25-cv-00488, 2026 WL 893048, at *1 (W.D. Va. Apr. 1, 2026) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

## III. ANALYSIS

The standard for setting aside an entry of default is well-established and requires the court to evaluate the following factors:

> [(1)] whether the moving party has a meritorious defense, [(2)] whether it acts with reasonable promptness, [(3)] the personal responsibility of the defaulting party, [(4)] the prejudice to the [opposing] party, [(5)] whether there is a history of dilatory action, and [(6)] the availability of sanctions less drastic.

*Payne ex. rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The court analyzes each factor in turn.[2]

### A. Whether Grear has a meritorious defense

The first *Payne* factor is whether the defendant has a meritorious defense. 439 F.3d at 204. In evaluating this factor, "[t]he underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (per curiam) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697 (2d ed. 1983)). As a result, the defaulting party "bears a minimal burden." *Payton v. Guallart*, No.

[2] Although Grear only appears to address the first three *Payne* factors (*see* ECF No. 18), the court will address each of them.

3:22-cv-00042, 2022 WL 16636937, at *4 (W.D. Va. Nov. 2, 2022). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Id.* (quoting *Augusta Fiberglass*, 843 F.2d at 812). "Conclusory statements that aver a meritorious defense are insufficient; there must be underlying facts to support the defense." *Burton v. The TJX Cos., Inc.*, No. 3:07-cv-00760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008); *see also Payton*, 2022 WL 16636937, at *4 ("[W]hile the burden for proffering a meritorious defense is not onerous, the defenses must allege specific facts beyond simple denials of conclusionary statements." (internal quotations omitted)).

Grear offers what appears to be two defenses to Fearing's claim(s). First, Grear submits that service of process was never effectuated and is therefore void. (ECF No. 18 at 1–3). In support, Grear submits an affidavit in which she states, among other things: (i) she was not personally served with a copy of the complaint and summons; (ii) she is not an SWVRJA employee; and (iii) SWVRJA employees do not have the authority to accept service on behalf of medical staff, such as Grear, who work at their facilities. (ECF No. 18-1.) Second, Grear claims that Fearing's complaint would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 4–5.) In support, Grear characterizes Fearing's claim(s) against her as Fourteenth Amendment deliberate-indifference-to-a-serious-medical-need claim(s), and argues that Fearing has failed to allege sufficient facts to show any element of such claim(s). (*Id.*) Grear also argues that Fearing has failed to allege any personal action attributable to Grear as is required to state a claim under § 1983. (*Id.* at 4.)

These averments are enough for Grear to meet the low burden of establishing a meritorious defense at this stage. *See Pinnock v. Finance*, No. 1:13-CV-501-AT-ECS, 2014 WL 12042537, at *2 (N.D. Ga. Mar. 7, 2014) (noting that a defendant's "showing that it was never served with process . . . is a meritorious defense to [the plaintiff's] claim that service was effected and that entry of default was warranted") (citing *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007)), *report and recommendation adopted*, 2014 WL 12042528 (N.D. Ga. Apr. 2, 2014); *see also Turner v. Lowden*, No. RDB-12-1372, 2013 WL 5634325, at *4 (D. Md. Oct. 15, 2013) (setting aside entry of default where the defendant asserted "a meritorious defense in that [the plaintiff's] Complaint would not survive a Rule 12(b)(6) Motion to Dismiss"). The court therefore finds that Grear has alleged meritorious defenses against Fearing's claim(s) and "should have the minimal opportunity to present [them]." *Rawls v. Keen*, No. 4:25-cv-00028, 2025 WL 2603392, at *1 (W.D. Va. Sept. 9, 2025). Accordingly, the first *Payne* factor weighs in favor of setting aside the entry of default.

**B. Whether Grear acted with reasonable promptness**

The court must consider the "facts and circumstances of each occasion" when deciding whether a defendant acted in a reasonably prompt manner when moving to set aside an entry of default. *Payton*, 2022 WL 16636937, at *5 (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Here, Grear moved to set as the Clerk's entry of default on April 17, 2026 (*see* ECF No. 18), or 32 days after the Clerk entered default against her on March 16, 2026. (*See* ECF No. 16.) Many courts in this circuit have found that defendants acted with reasonable promptness when moving to set aside default within that timeframe. *See, e.g.*, *Pacelli v. FREEJUMPSYSTEM*, No. 3:23-cv-00028, 2025 WL 1161387, at *2 (W.D. Va. Apr. 21, 2025)

(31 days); *Carter v. Ely*, No. 7:20-cv-00713, 2024 WL 1160547, at *2 (W.D. Va. Mar. 18, 2024) (41 days); *Superior Performers, Inc. v. Thorton*, No. 1:20-cv-00123, 2020 WL 6060978, at *3 (M.D.N.C. Oct. 14, 2020) (52 days); Therefore, this factor weighs in favor of setting aside the entry of default against Grear.

**C. Grear's personal responsibility in failing to respond**

The third *Payne* factor turns on "whether the defaulting party is 'ultimately responsible' for failing to respond.'" *Progressive Adv. Ins. Co. v. Holt*, No. 2:22-cv-00321, 2023 WL 2072413, at *3 (E.D. Va. Feb. 17, 2023) (quoting *Pinpoint IT Servs., LLC v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 726 (E.D. Va. 2011)). "Answering that question requires courts to 'focus on the source of the default.'" *Jackson v. Dameron*, No. 7:22-cv-00090, 2023 WL 8115569, at *3 (W.D. Va. Nov. 22, 2023) (quoting *Augusta Fiberglass*, 843 F.2d at 811).

Grear submits that she was never served with process and only learned about this lawsuit after the Clerk entered default against her. (*See* ECF No. 18-1.) In the apparent absence of any information to the contrary, the court cannot say that Grear was personally responsible for failing to respond. Thus, this factor weighs in Grear's favor.

**D. The remaining *Payne* factors**

The fourth *Payne* factor requires the court to consider whether setting aside the entry of default would prejudice Fearing, the non-defaulting party. *Payne*, 439 F.3d at 204. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418; *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) ("As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits."). Rather, the issue is whether the

delay *caused* prejudice to the non-defaulting party. *See id.* In making such a determination, "courts consider whether the delay caused by the default 'made it impossible for the non-defaulting party to present some of its evidence; made it more difficult for the non-defaulting party to proceed to trial; hampered the non-defaulting party's ability to complete discovery; and was used by the defaulting party to collude or commit a fraud.'" *Jackson*, 2023 WL 8115569, at *3 (quoting *Burton*, 2008 WL 1944033, at *4).

At this early stage of litigation, the court has no reason to believe that, by setting aside the entry of default, Fearing's capacity to engage in discovery or present evidence will be impeded. Moreover, there is no indication that Grear used the delay to commit fraud. Therefore, this factor weighs in favor of setting aside the entry of default.

The fifth *Payne* factor considers whether the defaulting party has a history of dilatory action. *Payne*, 439 F.3d at 204. No evidence of previous dilatory action by Grear exists, and therefore this factor weighs in her favor.

The sixth (and final) *Payne* factor is whether less drastic sanctions other than default are available. *Payne*, 439 F.3d at 204–05. Other less drastic sanctions may include the assessment of costs and attorney's fees for seeking default. *Jackson*, 2023 WL 8115569, at *4. Because Fearing is proceeding *pro se*, attorney's fees are not applicable. And given that there is no indication of bad faith by Grear nor prejudice to Fearing, the court finds that other sanctions are not warranted. *See Carter*, 2024 WL 1160547, at *3 (finding no sanctions necessary when default was due to lack of notice from service to wrong address).

Accordingly, the court concludes that the *Payne* factors weigh in Grear's favor and will therefore set aside the Clerk's entry of default against her.[3]

## IV. CONCLUSION

For the reasons stated above, the court will grant Grear's motion to set aside default and deny Fearing's motion for default judgment.

The Clerk is directed is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 23rd day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

[3] Because default judgment cannot be obtained without an entry of default, *Fidrych*, 616 F.3d at 130, the court will deny Fearing's motion for default judgement.